**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dennis MONCRIEF, Defendant–
Appellant.**

**No. 08–10417.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2009.

Filed Oct. 23, 2009.

Kathleen Bliss, Esquire, Gregory A. Brower, U.S., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Augustas T. Claus, Las Vegas, NV, for Defendant–Appellant.

Before: SCHROEDER, REINHARDT and HAWKINS, Circuit Judges.

MEMORANDUM *

Dennis Moncrief ("Moncrief") appeals his 180–month sentence imposed pursuant to the Armed Career Criminal Act ("ACCA"). We affirm.

Under the "categorical approach" delineated by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

2143, 109 L.Ed.2d 607 (1990), the Tennessee aggravated burglary statute is broader than the generic definition of burglary because it extends to tents and motor homes. Tenn.Code § 39–14–403; *United States v. Grisel,* 488 F.3d 844, 848–49 (9th Cir.2007) (en banc) ("building or structure" as used in *Taylor* limited to structures designed for occupancy and *intended for use in one place*). Nonetheless, the Tennessee aggravated burglary statute satisfies the ACCA's "residual clause" because it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Because the Tennessee statute is limited to places that are "designed or adapted for the overnight accommodation of persons" and thus likely to be occupied, it presents the same risk of confrontation and physical injury as the generic crime. *See United States v. Mayer,* 560 F.3d 948, 963 (9th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 158, 175 L.Ed.2d 100 (2009); *James v. United States,* 550 U.S. 192, 212, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007).

As Moncrief's six Tennessee convictions are more than sufficient for the ACCA enhancement, we need not reach his arguments regarding his Colorado convictions.

**AFFIRMED.**